UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOTAL IMPORTS, INC. AND XL SPECIALTY )<br>INSURANCE COMPANY, )<br>)<br>Defendants. )<br>) | **Court No. 09-00356** |

# **ANSWER**

Pursuant to Rule 7(a) of the Rules of the Untied States Court of International Trade, Defendant XL Specialty Insurance Company, by and through its undersigned attorneys, answers the Complaint as follows:

1. Admits
2. Admits
3. Admits
4. Admits
5. Admits
6. Admits
7. Admits
8. Admits
9. Admits
10. Admits
11. Admits

12. Admits

13. Denies

14. Admits that Customs demanded payment, denies XL is liable under its bond.

15. Admits that Customs demanded payment, denies XL is liable under its bond.

16. Admits that Customs demanded payment, denies XL is liable under its bond.

17. Admits but denies that any duties or interest are due and owing.

## AFFIRMATIVE DEFENSES

1. Section 113.11 of the Customs Regulations specifically prohibits two continuous bonds for the same importer covering the same transactions being in effect at the same time.

2. At the time the entries covered by this Civil Action were filed, a Continuous Entry Bond underwritten by Washington International Insurance was in place to secure the entry and release of the subject merchandise.

3. On April 30, 2004 and on July 29, 2004 Plaintiff made demands upon Washington International Insurance Company for payment under Washington International's bond for all increased duties accessed on the entries covered by this civil action

4. Not withstanding the effective date written on the face of defendant XL's bond (Plaintiff's Exhibit A) Customs did not "post" or otherwise make effective Xl's bond until the prior bond, underwritten by Washington International Insurance Company, had expired on April 21, 2002.

5. Thereafter, on April 22, 2002 Customs first posted and made effective defendant XL's Continuous Bond, one day after the entry and release of the merchandise covered by the entries which are the subject of this Civil Action.

6. By regulation and Customs own action, defendant XL's bond was not in effect and did not cover the entries which are the subject of this Civil Action.

**WHEREFORE**, defendant XL Specialty Insurance Company respectfully requests that this Court enter judgment in favor of XL Specialty Insurance Company and against plaintiff, The United States; and that the plaintiff take nothing by way of its complaint against XL Specialty Insurance Company, and that this Court grant defendant XL Specialty Insurance Company such other and further relief as this Court may deem appropriate.

Dated: October 5, 2009

          Respectfully submitted,

By:     /S/
**T. RANDOLPH FERGUSON**

**SANDLER, TRAVIS & ROSENBERG, P.A.**
505 Sansome Street, Suite 1475
San Francisco, CA 94111
(415) 986-1088
Attorneys for defendant, XL Specialty Insurance Co.

# PROOF OF SERVICE BY MAIL

I certify under penalty that on this 5th day of October 2009, I caused to be placed in United States mail the **ANSWER**, on Marcella Powell, in said action or proceeding, by depositing a true copy thereof, in a sealed envelope with postage thereon, fully prepaid, in a mail box regularly maintained by the Government of the United States at the corner of Clay Street and Sansome Street, San Francisco, California 94111, addressed as follows:

Marcella Powell
Civil Division, Department of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278


Executed on this 5th day of October 2009, at San Francisco, California.

I certify or declare under
penalty of perjury that the
foregoing is true and correct.


/S/
**Bianka Noguera**